UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES L. DECESARE,<br><br>                                 *Plaintiff,*<br>    - against -<br><br>THE AETNA LIFE INSURANCE COMPANY, AND THE DRESS BARN LONG TERM DISABILITY PLAN,<br><br>                                 *Defendants.* | Docket # 12cv7162<br><br>**AMENDED COMPLAINT**<br><br>**Plaintiff Demands<br>Trial by Jury** |

Plaintiff, by his attorneys, LAW OFFICE OF BARBARA A. MATARAZZO, ESQ., 1025 Westchester Avenue, Suite 402, White Plains, New York 10604, for his Amended Complaint sets forth as follows:

## JURISDICTION

**FIRST:** This action arises under the Employee Retirement Income Security Act of 1974 [29 U.S.C.A. § 1001 et seq.] (ERISA) and more particularly, § 502(a)(1)(B) of said Act [29 U.S.C.A. § 1132(a)(1)(B)]. The Court has jurisdiction of this matter pursuant to 29 U.S.C.A. § 1132(e).

**SECOND:** The plaintiff, Charles L. DeCesare, was and is a natural person over the age of 18, residing at 31 High Street, Warwick, New York, in the County of Orange, and is a qualified participant in the Dress Barn Long Term Disability [LTD] Plan ("The Plan") within the meaning of 29 U.S.C.A. § 1002(7) of ERISA.

**THIRD:** Defendant, the Dress Barn Long Term Disability Plan (hereinafter "The Plan") is a qualified employee welfare benefit plan under ERISA, and thus, ERISA § 502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B) provides the remedy for plaintiff's claims.

**FOURTH:** ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] permits a claimant, such as plaintiff, to bring a civil action "to recover benefits due him under the terms of the Plan, to enforce his rights under the terms of the Plan, as to clarify his rights to future benefits under the terms of the plain."

**FIFTH:** Defendant, THE AETNA LIFE INSURANCE COMPANY (hereinafter "AETNA") was and is an insurance company incorporated under the Laws of the State of Connecticut, having its home office and principal place of business at 151 Farmington Avenue, Hartford, CT, with its main claim office in Lexington, Kentucky.

**SIXTH:** Defendant, the AETNA, is the Plan administrator and fiduciary of the Dress Barn Long Term Disability Plan, and is the company that makes the determination of qualification for Long Term Disability.

**SEVENTH:** Venue is properly laid in the Southern District of New York pursuant to the provisions of 28 U.S.C. § 1391 as being the place where the policy was written and the claim arose.

## COUNT ONE

**EIGHTH:** Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs in this Verified Complaint numbered "FIRST" through "SEVENTH" inclusive with the same force and effect as though fully set forth at length herein.

**NINTH:** Heretofore and on or about July 30, 2008, defendant, Aetna, made and issued a certain policy of disability insurance bearing policy #GP-818946, wherein and whereby it did insure plaintiff for Short Term and Long Term disability income coverage on a monthly benefit of $7,800 per month, plus a waiver of premiums benefit, which policy was in effect from July 30, 2008, until the present time.

**TENTH:** At the time of the inception of the policy, the plaintiff was employed as the Creative Director of Marketing In Store Visuals and Design with The Dress Barn.

**ELEVENTH:** On or about March 30, 2009, the plaintiff had spinal fusion surgery which proved to be unsuccessful, and did not alleviate his back pain.

**TWELFTH:** On or about March 30, 2009, the plaintiff filed a claim for Short Term Disability and was paid for Short Term Disability from March 30, 2009 – June 7, 2009.

**THIRTEENTH:** In or about June 28, 2009, the plaintiff filed a claim for permanent long term total disability under the policy of insurance with the defendant due to his inability to perform the job duties in any reasonable occupation, due solely to his physical disease and injuries.

**FOURTEENTH:** As a result, plaintiff was unable to work or to concentrate on work which did and still does prevent him from performing the substantial and material duties of his occupation and of any occupation, and rendered him totally and permanently disabled.

**FIFTEENTH:** Plaintiff's disability was objectively diagnosed and confirmed with current medical reports from his treating physicians.

**SIXTEENTH:** The defendants paid the plaintiff total disability benefits under his policy from June 28, 2009, except for a ninety day waiting period, pursuant to the policy terms until September 29, 2011.

**SEVENTEENTH:** On or about September 29, 2011, the defendants discontinued plaintiff's disability benefits and advised plaintiff that he was no longer eligible for total disability, or the waiver of premiums benefits.

3

**EIGHTEENTH:** On January 9, 2012, the defendants advised plaintiff, by a Denial Letter, that Aetna was no longer paying disability benefits to plaintiff, as they claimed plaintiff did not meet the policy definition of total disability.

**NINTEENTH:** On May 3, 2012, the plaintiff filed an Appeal of defendant's denial of his disability benefits.

**TWENTIETH:** On August 24, 2012, the defendants notified plaintiff that they were denying his Appeal of Benefits.

**TWENTY-FIRST:** Benefits due plaintiff are vested under the Plan and plaintiff has complied with all conditions in order to receive such disability benefits.

**TWENTY-SECOND:** Defendants erroneously interpreted plan coverage in denying plaintiff's eligibility for disability coverage.

**TWENTY-THIRD:** Defendants failed to consider evidence offered by plaintiff establishing total and permanent disability and failed to provide an impartial physical examination and evaluation of plaintiff as required by the Plan on the Appeal of Denial of Benefits.

**TWENTY-FOURTH:** Defendant failed to provide plaintiff with the opportunity for a full and fair review of his claim, and further failed to provide the necessary information required for adequate notice in violation of 29 U.S.C.A. § 1133.

**TWENTY-FIFTH**: The above-mentioned decision and denial of benefits due plaintiff under the terms of the Plan was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA. Defendants were improperly selective when choosing data to support their non-disability conclusion, and consciously elected to ignore the medical record in its entirety, as well as the logical explanations for the selective data it chose to rely upon.

**TWENTY-SIXTH**: The court should review de novo plaintiff's challenge to the denial of ERISA benefits, as the administrator did not have discriminatory authority to determine eligibility for benefits, or to construe Plan language, and because the administrator made no additional findings in support of its determination on appeal.

**TWENTY-SEVENTH**: As a direct and proximate result of the actions of the defendants, the Plan and AETNA, plaintiff has been caused to incur attorney's fees in an amount that will exceed $50,000.00.

**TWENTY-EIGHTH**: As a direct and proximate result of the above defendants' actions, plaintiff has lost benefits in the sum of $7,800 per month from the date of defendants' denial of plaintiff's total disability claim, plus the premium payments, which should have been waived, which sum is believed to exceed $3,000,000.00.

**TWENTY-NINTH**: As a result of the above, plaintiff is entitled to and hereby demands: (1) to recover the benefits due herein under the terms of the Plan, believed to exceed $3,000,000; (2) to enforce his rights under the terms of the Plan; and (3) to clarify his rights to future benefits under the terms of the Plan, pursuant to ERISA § 502(a)(i)(B), 29 U.S.C. § 1132(a)(1)(B).

## COUNT TWO

**THIRTIETH**: Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs in this Verified Complaint numbered "FIRST" through "TWENTY-NINTH" inclusive with the same force and effect as though fully set forth at length herein.

**THIRTY-FIRST**: Plaintiff is entitled to a judgment declaring that plaintiff is "totally and permanently disabled" under the terms of his policy, and plaintiff is entitled to be paid under the policy for total disability in the sum of $7,800 per month from the date of his total disability, that the waiver of premiums clause of the policy is in full force and effect from the date of his total disability, and plaintiff is entitled to return premiums for the period in which premiums were paid after plaintiff was determined to be totally disabled, after which time the premiums should have been waived.

**THIRTY-SECOND**: As a result of the above, plaintiff is entitled to return premiums in an amount to be determined, and a declaration that there is a waiver of premiums from the date of plaintiff's total disability, and to be paid in the sum of $7,800 per month from the date defendant discontinued the payment of total disability, a sum believed to exceed $2,000,000.

**WHEREFORE**, plaintiff requests judgment against defendants, the Plan, and AETNA, as follows:

1. For an Order for defendant, the Plan, to pay to plaintiff all disability benefits accrued and unpaid from September 29, 2011 to the date of this judgment;

2. For an Order for defendants to designate the plaintiff as totally disabled under the Plan and to pay plaintiff a monthly disability benefit of $7,800 from the date of this Judgment forward;

3. For an awarding to plaintiff of prejudgment interest from September 29, 2011, until the date of this judgment;

4. For an Order for defendants to pay to plaintiff the return premium payments plaintiff paid in an amount to be determined, and a declaration that there is a waiver of premiums from the date of plaintiff's total disability forward; and

5. For plaintiff to be awarded attorney's fees and costs of this action, and such other relief as deemed appropriate.

Dated: White Plains, New York
December 18, 2012

        Yours, etc.,

        LAW OFFICE OF BARBARA A. MATARAZZO, ESQ.
        1025 Westchester Avenue – Suite 402
        White Plains, NY 10604
        *Attorneys for Plaintiff, Charles L. DeCesare*

        By: _____
            Barbara A. Matarazzo, Esq. (BAM-8380)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 12cv7162

---

CHARLES L. DECESARE,

              *Plaintiff,*

-against-

THE AETNA LIFE INSURANCE COMPANY, AND
THE DRESS BARN LONG TERM DISABILITY PLAN,

              *Defendant.*

---

## AMENDED COMPLAINT

---

### LAW OFFICE OF BARBARA A. MATARAZZO
*Attorneys for Plaintiff, Charles L. DeCesare*
Office & P.O. Address:
1025 Westchester Avenue, Suite 402
White Plains, New York 10604
Tel.: (914) 346-8088
Fax: (914) 681-0013

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involved potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated:_____                                        Signature_____