UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLES L. DECESARE,   Civil Action No.:
                      12 Civ. 7162 (KMK)

      Plaintiff,

              **ANSWER TO PLAINTIFF'S**
-against-         **AMENDED COMPLAINT**

THE AETNA LIFE INSURANCE COMPANY, AND
THE DRESS BARN LONG TERM DISABILITY  DOCUMENT
PLAN,              <u>ELECTRONICALLY FILED</u>

      Defendants.
------------------------------------------------------------------------X

    Defendants, AETNA LIFE INSURANCE COMPANY (hereinafter "Aetna") and THE DRESS BARN LONG TERM DISABILITY PLAN (hereinafter "the Plan"), by and through its attorneys, SEDGWICK LLP, as and for its Answer to plaintiff's Amended Complaint dated December 18, 2012, respectfully set forth the following upon information and belief:

### AS AND FOR AN ANSWER TO PLAINTIFF'S CLAIM OF JURISDICTION

    1.  Admit the truth of each and every allegation contained in paragraph "FIRST" of the plaintiff's Amended Complaint.

    2.  Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "SECOND" of the plaintiff's Amended Complaint as alleged, and respectfully refer all questions of law to the Honorable Court, except admit the plaintiff, Charles L. DeCesare, was a participant in the Plan within the meaning of 29 U.S.C.A. § 1002(7).

    3.  Deny each and every allegation contained in paragraph "THIRD" of the plaintiff's Amended Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit the Plan is a qualified employee welfare benefit plan under ERISA.

4. The allegations in paragraph "FOURTH" of the plaintiff's Amended Complaint relate to questions of law to which no response is required. To the extent a response is required, defendants admit the Complaint quotes from a portion of the statute cited.

5. Deny each and every allegation contained in paragraph "FIFTH" of the plaintiff's Amended Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit Aetna was and is an insurance company duly licensed to conduct business in the State of New York and having its home office and principal place of business at 151 Farmington Avenue, Hartford, CT.

6. Deny each and every allegation contained in paragraph "SIXTH" of the plaintiff's Amended Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Aetna was the claim administrator for the Plan and acted as a plan fiduciary only when and to the extent that it made discretionary determinations under the Plan, except admit that Aetna had full discretionary authority to make determinations on participants' claims for benefits under the Plan.

7. Deny each and every allegation contained in paragraph "SEVENTH" of the plaintiff's Amended Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit venue is properly laid in the Southern District of New York.

### AS AND FOR AN ANSWER TO PLAINTIFF'S COUNT ONE OF THE AMENDED COMPLAINT

8. In response to paragraph "EIGHTH" of the plaintiff's Amended Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "FIRST" through "SEVENTH" inclusive, with the same force and effect as if more fully set forth at length herein.

9. Deny each and every allegation contained in paragraph "NINTH" of the plaintiff's Amended Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Aetna issued to the Plan a group policy of insurance to fund benefits under the Plan,

bearing policy No. GP-818946, and that the Plan provides for both short term disability ("STD") and long term disability ("LTD") benefits for eligible participants and respectfully refer to the Plan documents for the contents thereof, as to the specific terms, conditions, limitations and exclusions of said coverage.

10. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "TENTH" of the plaintiff's Amended Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "ELEVENTH" of the plaintiff's Amended Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

12. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "TWELFTH" of the plaintiff's Amended Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff applied for Plan STD benefits, which claim was approved and paid through exhaustion of these benefits.

13. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "THIRTEENTH" of the plaintiff's Amended Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the

administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff timely applied for LTD benefits under the Plan.

14. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "FOURTEENTH" of the plaintiff's Amended Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that plaintiff's claim for LTD benefits was initially approved under the Plan's "your own occupation" definition of disability.

15. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "FIFTEENTH" of the plaintiff's Amended Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

16. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "SIXTEENTH" of the plaintiff's Amended Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that LTD benefits were terminated as of January 9, 2012 when Aetna determined that plaintiff was no longer eligible for LTD benefits because he no longer met the terms and conditions set forth in the Plan.

17. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "SEVENTEENTH" of the plaintiff's Amended Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated January 9, 2012, Aetna advised plaintiff that he was no longer eligible to receive LTD benefits under the Plan, and that by letter dated February 7, 2012, plaintiff was advised that his waiver of premium benefits would be terminated effective that day.

18. Admit the truth of each and every allegation contained in paragraph "EIGHTEENTH" of the plaintiff's Amended Complaint.

19. Admit the truth of each and every allegation contained in paragraph "NINTEENTH" of the plaintiff's Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "TWENTIETH" of the plaintiff's Amended Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that by letter dated August 24, 2012, Aetna advised plaintiff that following its review of his claim on appeal, its original determination denying his claim for continuing LTD benefits would be upheld and that by letter dated March 26, 2010, Aetna advised plaintiff that it upheld its original determination to terminate the waiver of premium benefit because he was no longer disabled under the terms of the Plan.

21. Deny each and every allegation contained in paragraph "TWENTY-FIRST" of the plaintiff's Amended Complaint and respectfully refer all questions of law to the Honorable Court.

22. Deny each and every allegation contained in paragraph "TWENTY-SECOND" of the plaintiff's Amended Complaint.

23. Deny each and every allegation contained in paragraph "TWENTY-THIRD" of the plaintiff's Amended Complaint.

24. Deny each and every allegation contained in paragraph "TWENTY-FOURTH" of the plaintiff's Amended Complaint.

25. Deny each and every allegation contained in paragraph "TWENTY-FIFTH" of the plaintiff's Amended Complaint.

26. Deny each and every allegation contained in paragraph "TWENTY-SIXTH" of the plaintiff's Amended Complaint.

27. Deny each and every allegation contained in paragraph "TWENTY-SEVENTH" of the plaintiff's Amended Complaint.

28. Deny each and every allegation contained in paragraph "TWENTY-EIGHTH" of the plaintiff's Amended Complaint.

29. Deny each and every allegation contained in paragraph "TWENTY-NINTH" including subparts (1)-(3) of the plaintiff's Amended Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S COUNT TWO OF THE AMENDED COMPLAINT

30. In response to paragraph "THIRTIETH" of the plaintiff's Amended Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "FIRST" through "TWENTY-NINTH" inclusive, with the same force and effect as if more fully set forth at length herein.

31. Deny each and every allegation contained in paragraph "THIRTY-FIRST" of the plaintiff's Amended Complaint.

32. Deny each and every allegation contained in paragraph "THIRTY-SECOND" of the plaintiff's Amended Complaint.

## OBJECTION TO JURY DEMAND

33. Defendants object to plaintiff's Jury Demand because he is not entitled to a trial by jury of any claim asserted against these answering defendants. DeFelice v. International Assurance Co. of New York, 112 F.3d 61 (2d Cir. 1997); Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251 (2d Cir. 1996).

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Amended Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Defendants acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for his claims in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. Defendant Aetna, as claim fiduciary for the governing welfare benefit plain, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and Aetna is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously. Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41. The Court's review of plaintiff's claim against defendants is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Aetna in the regular course of its business.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42. Plaintiff's claim is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43. To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Aetna determined he was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

44. Any findings by the Social Security Administration with respect to plaintiff's claim for SSDI benefits are neither determinative nor binding with respect to Aetna's evaluation of plaintiff's claim for LTD benefits under the applicable Plan documents.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

45. To the extent necessary, defendants deny all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

**WHEREFORE**, defendants Aetna and the Plan pray:

1. That the action be dismissed, or that judgment be entered in favor of defendants, Aetna and the Plan and against plaintiff;
2. That defendants, Aetna and the Plan, be awarded costs of suit incurred herein;
3. That defendants, Aetna and the Plan, be awarded reasonable attorney's fees; and
4. That defendants, Aetna and the Plan, be awarded such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 2, 2013

Respectfully submitted,

s/ _____
MICHAEL H. BERNSTEIN (MB-0579)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
T: (212) 422-0202
F: (212) 422-0925
*Attorneys for Defendant*
The Aetna Life Insurance Company and The Dress Barn Long Term Disability Plan

TO:
BARBARA A. MATARAZZO, ESQ.
LAW OFFICE OF BARBARA A. MATARAZZO
1025 Westchester Avenue, Suite 402
White Plains, New York 10604
T: (914) 346-8088
F: (914) 681-0013
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, MICHAEL H. BERNSTEIN, hereby certify and affirm that a true and correct copy of the attached ANSWER TO PLAINTIFF'S AMENDED COMPLAINT was served *via ECF and Regular Mail* on January 2, 2013, upon the following:

> BARBARA A. MATARAZZO, ESQ.
> LAW OFFICE OF BARBARA A. MATARAZZO
> 1025 Westchester Avenue, Suite 402
> White Plains, New York 10604
> T: (914) 346-8088
> F: (914) 681-0013
> *Attorneys for Plaintiff*

  s/
Michael H. Bernstein (MB-0579)

Dated: New York, New York
       January 2, 2013