UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CHARLES L. DECESARE,

|  | |
|---|---|

                       **Plaintiff,**

    -against-

THE AETNA LIFE INSURANCE CO. and
THE DRESS BARN LONG TERM
DISABILITY PLAN,

                      Defendants.
--------------------------------------------------------X

Civil Action No.
12 Civ. 7162 (KMK)

**PLAINTIFF'S RULE 33
FIRST SET OF
INTERROGATORIES**

**SIRS:**

      **PLEASE TAKE NOTICE** that pursuant to FRCP 26 and 33 and Local Civil Rule 33.3

(former Local Rule 46), Plaintiff, CHARLES L. DECESARE,  demands that Defendants, THE

AETNA LIFE INSURANCE CO. and THE DRESS BARN LONG TERM DISABILITY PLAN

("Defendant") answer the following interrogatories separately, in writing and under oath in

accordance with the instructions and definitions set forth below within thirty (30) days of service

thereof.

**DEFINITIONS AND INSTRUCTIONS**

      1.    The definitions and instructions set forth in FRCP 33 are incorporated by

reference.  Defendant is referred to Local Civil Rule 26.3 (former Local Rule 47) of the Local

Civil Rules for the United States District Courts for the Southern and Eastern Districts of New

York, which provides, together with certain definitions pertinent to this litigation:

          (a)    The full text of the definitions and rules of construction set forth in

paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests.  No

discover request shall use broader definitions or rules of construction than those set forth in

paragraphs (c) and (d). This rule shall not preclude (1) the definition of other terms specific to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

(b)     This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c)     The following definitions apply to all discovery requests:

(2)     Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(3)     Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(4)     Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(5)     Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(6)     Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its

officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(7)     Person.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(8)     Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(9)     The Aetna Life Insurance Co.  The term "Aetna Life Insurance Co." includes any representative thereof, including without limitation employees of the The Aetna Life Insurance Company, its subsidiaries or affiliates.

(10)    The Dress Barn Long Term Disability Plain.  The term "Dress Barn Long Term Disability Plan" includes any representative thereof, including without limitation employees of The Dress Barn Long Term, its subsidiaries or affiliates.

(11)    Complaint.  The term "complaint" means the Amended Complaint filed by Plaintiff on December 19, 2012.

(12)    Answer.  The term "answer" means the Answer and Defenses filed by defendant in response to Plaintiff's Amended Complaint on January 2, 2013.

(d)     The following rules of construction apply to all discovery requests:

1.      All/Each. The. terms "all" and "each" shall be construed as all and each.

2.      And/Or. The connectives "and"and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the

scope of the discovery request all responses that might otherwise
be construed to be outside of its scope.

3.      Number.  The use of the singular form of any word includes the
plural and vice versa.

2.      If you are unable to respond to any interrogatory, fully supply the
information that is available and explain why your response is incomplete, the efforts made by
you to obtain the information, and the source from which all responsive information may be
obtained.

3.      If information responsive to a particular interrogatory no longer exists but
is known to have existed, state the circumstances under which the information was lost or
destroyed and identify all persons having knowledge of the information.

4.      Whatever the information requested by these interrogatories is contained
in or may otherwise be derived or ascertained from a document:

a. Identify the document from which the answer may be derived or
ascertained; and

b.      Produce the document for inspection and copying or deliver a copy
of the document to Plaintiff's counsel at the time the answers hereto are
filed.

5.      If you answer any interrogatory by reference to records from which the
answer may be derived or ascertained, as permitted by FRCP 33(c), then, pursuant to Local Civil
Rule 33.1 (former Local Rule 46(f)) – Answering Interrogatory by Reference to Records, set
forth:

a.      The specifications of documents to be produced shall be insufficient detail to permit plaintiff to locate and identify the records and to ascertain the answer as readily as could defendant.

b.      Defendant shall make available any computerized information or summaries thereof that it has, or can adduce by a relatively simple procedure, unless these materials are privileged or otherwise immune from discovery.

c.      Defendant shall provide any relevant compilations, abstracts or summaries in their custody or readily obtainable by them, unless these materials are previeliged or otherwise immune from discovery.

d.      The documents shall be made available for inspection and copying within 10 days after service of the answers to interrogatories or at a date agreed upon by the parties.

## INTERROGATORIES

1.      Identify the names of all persons with information or knowledge concerning:

a.      Defendant's allegations in its Third Affirmative Defense that Defendant acted in good faith.

b.      Defendant's allegation in its Fourth Affirmative Defense that Defendant's action were permitted/required by law.

c.      Defendant's allegations in its Fifth Affirmative Defense that Defendant's action were not Arbitrary and capricious.

d.      Defendant's allegations in its Seventh Affirmative Defense that Defendant has complete authority to review all denied claims and their decision was not arbitrary and capricious.

e.      Defendant's allegation in its Eighth Affirmative Defense that the court can only review Administrative Record kept by defendant.

f.      Defendant's allegations in its Ninth Affirmative Defense that Plaintiff's claim is Limited to Plan documents.

g.      Defendant's allegation in its Tenth Affirmative Defense that Plaintiff is not entitled to unlimited benefits.

h.      Defendant's allegation in its Eleventh Affirmative Defense that Findings by the Social Security Administration are not binding on Aetna's evaluation.

2.      Identify the names and addresses of fact witnesses you intend to call at tiral, including the subject matter upon which the witness(es) are expected to testify.

3.      Identify the names and address of fact witness with information or knowledge concerning the termination of Plaintiff's Long Term Disability Benefits.

4.      Identify the names and address of fact witnesses with information or knowledge concerning the denial of Plaintiff's Appeal of the Termination of Plaintiff's Long Term Disability Benefits.

5.      Identify the existence, custodian, location and general description of all documents relevant to the allegations made in the Plaintiff's amended complaint, and the affirmative defenses made in defendant's Answer to Plaintiff's Amended Complaint.

## PRIVILEGE LOG

If you assert any claim of privilege, then pursuant to Local Civil Rule 26.2 (former Local Rule 46(e)(2))[1], state the privilege on which the claim is based (including work product) and, if

---

[1] You are further referred to Local Rule 37.1 (former Local Rule 3(e)) – Verbatim Quotation of Interrogatories, Requests for Admissions, and Objections or Exceptions.

based on a claim or defense governed by state law, indicate the state's privilege rule being invoked, and supply all information not privileged, including, but not limited to:

(a)    For documents:
- (i)    the type of document;
- (ii)    the nature of the documents or things not produced in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection;
- (iii)    the date of the document;
- (iv)    such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other;

(b)    For oral communications:
- (i)    the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;
- (ii)    the date and place of communication;
- (iii)    the nature of the communication not disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection;

**PLEASE TAKE FURTHER NOTICE**, that each question and demand is continuing and must be supplemented at any time that the answerer obtains, or obtains access to, or with reasonable effort is able to obtain, or obtain access to, new or additional information or documents.

**PLEASE TAKE FURTHER NOTICE**, that in the absence of a timely response and timely supplementation thereof, Plaintiff will move to preclude defendant from offering any evidence on the trial of this action as to any question or demand not responsively and fully answered or document or thing not provided as demanded

Dated: White Plains, New York
      March 20, 2013

Yours, etc.,

LAW OFFICE OF BARBARA A. MATARAZZO, ESQ.
1025 Westchester Avenue
White Plains, New York 10604
*Attorneys for Plaintiff, Charles L. DeCesare*

By: _____
     Barbara A. Matarazzo, Esq. (BAM-8380)

TO:    Michael H. Bernstein, Esq.
      Sedgwick LLP (NY)
      225 Liberty Street, 28th Floor
      New York, NY 10281
      (212) 422-0202
      Fax: (212) 422-0925
      michael.bernstein@sdma.com
      *Attorneys for Defendant*

      Matthew Paul Mazzola, Esq.
      Sedgwick LLP (NY)
      225 Liberty Street, 28th Floor
      New York, NY 10281
      (212) 422-0202
      Fax: (212) 422-0925
      matthew.mazzola@sdma.com
      *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 12cv7162

CHARLES L. DECESARE,

<em>Plaintiff,</em>

-<em>against</em> -

THE AETNA LIFE INSURANCE COMPANY, AND
THE DRESS BARN LONG TERM DISABILITY PLAN,

<em>Defendant.</em>

<strong>PLAINTIFF'S RULE 33 FIRST SET OF INTERROGATORIES</strong>

**LAW OFFICE OF BARBARA A. MATARAZZO**
*Attorneys for Plaintiff, Charles L. DeCesare*
Office & P.O. Address:
1025 Westchester Avenue, Suite 402
White Plains, New York 10604
Tel.: (914) 346-8088
Fax: (914) 681-0013

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involved potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:*_____                              *Signature*_____

10