<center>
**LAW OFFICE OF BARBARA A. MATARAZZO**
1025 Westchester Avenue - Suite 402
**White Plains, New York 10604**
Telephone: (914) 346-8088
Facsimile: (914) 681-0013
bamatarazzo@gmail.com
</center>

Barbara A. Matarazzo*
bamatarazzo@gmail.com
*Also admitted in New Jersey

**MEMO ENDORSE**

May 20, 2013

VIA FACSIMILE: 914-390-4152

Honorable Kenneth M. Karas
United States District Judge
Federal Building
300 Quarropas Street
White Plains, NY 10601

         Re: Charles DeCesare v. Aetna Life Ins. Co.
            Docket: 7:12-cv-07162 (KMK) (LMS)
            Our File#: 120.01
            Defendant's file#: 00322-008157

Dear Judge Karas:

  Our office represents, plaintiff, Charles DeCesare in the above referenced matter.

  We write to request a pre-motion conference pursuant to Rule 37.2 of the Local Rules of the United States District Court for the Southern District of New York, to address the discovery disputes outlined in plaintiff's letter of May 13, 2013, and in defendant's letter of May 16, 2013. The specific discovery disputes are as follows:

  The plaintiff seeks discovery beyond the administrative record including:

  (1) The entire claim files, including that part of the claim file containing investigative notes.

  (2) The complete files of the defendant's Independent Medical Record Peer Review Physician, Dr. Robert Swotinsky, who conducted an Independent Medical Record Peer Review of plaintiff's medical records during Aetna's initial review of the plaintiff's claim for continuing Long Term Disability Benefits.

  (3) The complete file of the defendant's Independent Medical Record Peer Review Physician, Dr. Karen Garvey, who conducted an Independent Medical Record Peer Review of plaintiff's medical records during Aetna's initial review of the plaintiff's claim for continuing Long Term Disability Benefits.


Under the relevant case law, the plaintiff is entitled to discovery regarding Aetna's relationship with these doctors, consultants, and medical professionals who reviewed plaintiff's application for Long Term Disability Benefits, including financial incentives, or other compensation that the decision maker paid to individuals involved in determining plaintiff's claim for benefits.

The plaintiff believes it can make a showing of a reasonable chance the requested discovery would satisfy the "good cause" standard for consideration of evidence discovered. (see Burgio v. Prudential Life Ins. Co., 253 F.R.D. 219 (EDNY 2008); Hamill v. Prudential Ins. Co., 2013 WL 27548 (EDNY 2013).

In seeking the claim file, the plaintiff seeks to evaluate the nature of the information considered by the administrator, whether the administrator was competent to evaluate the information in the Administrative Record, whether the doctors provided the administrator with an accurate and/or complete and/or fair evaluation of the plaintiff's physical condition, so that the administrator had sufficient information to make a full and fair evaluation, whether the administrator should have sought information outside the administrative record, including further information and/or documentation from the above doctors, to reach a full and fair review of the plaintiff's Long Term Disability Claim. The plaintiff cannot perform this evaluation without the entire doctors' files and the claim file.

It is believed by plaintiff's counsel after a review of the discovery provided so far that the defendant's physicians' opinions changed in response to pressure by the plan administrator to deny the Long Term Disability Claim after it had been granted and paid. The physicians gave more weight to a few minutes of surveillance video, than hours of surveillance that supported plaintiff's Long Term Disability, and than plaintiff's treating physician's opinion.

The plaintiff believes the discovery requested from the defendant's doctors' files would demonstrate a reasonable possibility that the discovery will satisfy the good cause requirement for review. (see Trussel v. Cigna Life Ins. Co. of N.Y., 552 F. Supp.2d 387 (S.D.N.Y. 2008).

The doctors files should reveal how long they spent reviewing the surveillance videos, what other materials they did or did not consider in their files, in their determination of plaintiff's eligibility for Long Term Disability Benefits and during the appeal process. That part of the doctors' files that include the doctors' correspondence with defendant as to plaintiff's claim, their conclusions regarding plaintiff's condition, and the basis for those conclusions, would all shed light on whether the doctors' reports submitted to the administrator were accurate, complete, and unbiased. It is likely that discovery of the doctors' files will uncover evidence demonstrating whether the administrator's decision was arbitrary and capricious.

A court may properly rely on discovery outside the administrative record to evaluate:

(i)   The exact nature of the information considered by the fiduciary in making its decision;
(ii)  Whether the fiduciary was competent to evaluate the information in the administrative record;

Page | 3

    (iii)    How the fiduciary reached its decision; and
    (iv)    Whether given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a fair and full review of the claim. (see Burgio v. Prudential Life Ins. Co., 2009 WL 3128008 (E.D.NY.).

The undersigned is available for such conference, other than May 31-June 7, at which time the undersigned will be out of the country.

Thank you for your consideration in this matter.

        Respectfully submitted,
        LAW OFFICE OF BARBARA A. MATARAZZO

        By: Barbara A. Matarazzo

cc:    Sedgwick LLP
       225 Liberty Street
       28th Floor
       New York, NY 10281-1008
       Attn: Michael H. Bernstein, Esq.

The Clerk of the Court is respectfully requested to docket this letter.

So Ordered.

5/24/13