# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### WHITE PLAINS

| | |
|---|---|
| CHARLES L. DECESARE,<br><br>*Plaintiff,*<br><br>- *against* –<br><br>THE AETNA LIFE INSURANCE CO. and<br>THE DRESS BARN LONG TERM  DISABILITY<br>PLAN,<br><br>*Defendants.* | Civil Action No.: 12 CV 7162<br>Hon. Kenneth M. Karas |

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

THE LAW OFFICE OF BARBARA A. MATARAZZO
*Attorneys for Plaintiff, Charles DeCesare*
1025 Westchester Avenue – Ste. 402
White Plains, New York 10604
Tele: 914-346-8088
Fax:  914-681-0013

# TABLE OF CONTENTS

*Page*

THE PLAINTIFF ADEQUATELY DEMONSTRATED ITS
ENTITLEMENT TO THE REQUESTED DISCOVERY
IN ITS ORIGINAL MOTION PAPERS ............................................................................... 1

CONCLUSION.............................................................................................................. 5

# TABLE OF AUTHORITIES

*Page*

*Case:*

*Trussel v. Cigna Life Ins. Co. of NY*
552 F.Supp 2d 387 (S.D.N.Y. 2008)............................................................................ 2, 3


*Porter v. Prudential Co. of America,*
2006 WL 2038452 *2 (S.D.N.Y. July 18, 2008.............................................................. 3

## THE PLAINTIFF ADEQUATELY DEMONSTRATED ITS ENTITLEMENT TO THE REQUESTED DISCOVERY IN ITS ORIGINAL MOTION PAPERS

The issue on this Motion, at this time, is not whether the court can admit evidence beyond the Administrative Record in reaching its ultimate decision. The issue on this Motion is whether Plaintiff is entitled to the discovery sought. On that issue, the threshold for this court is whether the Plaintiff had demonstrated "a reasonable chance that the requested discovery will satisfy the good cause requirement".

The Plaintiff has outlined in its Motion papers the basis for its claim that the discovery sought would provide evidence of Aetna's conflict of interest influencing Aetna's decision making process.

Defendant makes the same arguments in its Opposition to Plaintiff's Motion to Compel Discovery that it used to forestall discovery in its discovery responses – that it had produced the Administrative Record and Aetna did not consider documents outside the Administrative Record. In essence, the Defendant argues the Plaintiff was not entitled to any discovery outside the Administrative Record.

The Plaintiff addressed the issue and the law that entitles it to discovery outside the Administrative Record, and law that allows the court to consider evidence outside the Administrative Record in Plaintiff's Memorandum in Support of the Motion.

The case law cited by the Plaintiff outlines the "good cause" necessary to obtain the discovery requested. The Plaintiff does not believe the de novo Standard of Review is appropriate, but that issue need not be decided now in order for Plaintiff to obtain the requested discovery.

The Defendant's Opposition misses the point that the court can permit discovery outside the Administrative Record under the circumstances outlined in Plaintiff's Motion that are present here.

The Plaintiff has outlined in its Motion the "good cause" which permits the discovery requested.

The Plaintiff has sufficiently identified the direct and indirect evidence showing Aetna's decision making was likely influenced by a conflict of interest. Evidence of Aetna's pressure on its own doctor, Dr. Garvey, as well as Plaintiff's doctors was sufficiently outlined in Plaintiff's Motion papers and include the editorialization of materials that were intentionally biased against Mr. DeCesare, and Aetna's altered definition of plaintiff's occupational requirements. Furthermore, the November 29, 2011 Letter of Teri Kili outwardly sought to change Plaintiff's doctors opinions.

Contrary to Defendant's assertion, the evidence outlined in Plaintiff's Motion papers suggest that Dr. Garvey was in fact not "Independent" as he was pressured to change his opinion of Plaintiff's disability qualifications. This is not a case where Plaintiff suggests Aetna "might" be influenced by a conflict of interest. Rather, the facts so far strongly outline Aetna's conflict and entitle Plaintiff to the requested discovery.

Defendant's attempt to distinguish *Trussel v. Cigna Life Ins. Co. of NY*, 552 F.Supp 2d 387 (S.D.N.Y. 2008) is incorrect and unpersuasive. The factors identified in *Trussel* that permit the discovery requested by Plaintiff are at issue here, contrary to Defendant's statements. For example, like in *Trussel*, Aetna had initially determined Plaintiff, DeCesare, could perform a sedentary occupation "with restriction", which was inconsistent with Aetna's ultimate determination, as outlined in Plaintiff's Motion papers. Like in *Trussel*, here Aetna used two

2

minutes of surveillance footage (out of hours) upon which it relied and gave more weight than the opinions of Mr. DeCesare's treating physicans.  This was cited as an indication, like in _Trussel_, that Aetna, its Administrator and its doctors operated under a conflict of interest.

Finally, as in _Trussel_, there was no evidence the Administrator considered the Social Security Disability income award letter, which the _Trussel_ court considered an additional element tending to show a reasonable possibility that further discovery relating to a conflict of interest will satisfy the "good cause" requirement.

What is glaringly omitted from Defendant's Opposition is any claim that:

(1) The requested discovery does not exist.

(2) The requested discovery would not show a conflict of interest.

(3) The requested discovery would support defendant's position that Plaintiff was not disabled; or

(4) The requested discovery would support Aetna's claim that its determination was not arbitrary and capricious.

The essence of Defendant's argument in its Opposition can be summed up in two sentences from its Memorandum: "Aetna's claim determination could not be deemed arbitrarily and capricious based upon documents that were never submitted to or reviewed by Aetna. Because these documents had no bearing on Aetna's claim determination, there is no basis upon which DeCesare seeks their production", citing _Porter v. Prudential Co. of America_, 2006 WL 2038452 *2 (SDNY July 18, 2008).

The fallacy with this argument is that it ignores the case law that permits Plaintiff to obtain discovery outside the Administrative Record under the facts outlined in this case.

3

Contrary to Defendant's argument, Aetna's claim determination can be deemed arbitrary and capricious if Aetna failed to submit or review documents that were relevant to its decision, based upon a conflict of interest. This has been outlined in Plaintiff's moving papers.

The Plaintiff is entitled to the discovery requested in order to obtain further evidence of that conflict of interest.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Compel in its entirety.

Dated: White Plains, New York
       September 4, 2013

Respectfully submitted,

Barbara A. Matarazzo, Esq. (BM-8380)
THE LAW OFFICE OF BARBARA A. MATARAZZO
*Attorneys for Plaintiff, Charles DeCesare*
1025 Westchester Avenue – Ste. 402
White Plains, New York 10604
Tele: 914-346-8088
Fax: 914-681-0013

TO:   Michael H. Bernstein (MB-0579)
      Matthew P. Mazzola (MM-7427)
      Sedgwick LLP
      255 Liberty Street – 28th Floor
      New York, New York 10281-1008
      *Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I, Barbara A. Matarazzo, hereby certify and affirm that a true and correct copy of the attached **PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY** was served via First Class Mail on September 4, 2013, upon the following:

    Michael H. Bernstein (MB-0579)
    Matthew P. Mazzola (MM-7427)
    Sedgwick LLP
    255 Liberty Street – 28th Floor
    New York, New York 10281-1008
    *Attorneys for Defendants*

    Barbara A. Matarazzo, Esq. (BM-8380)