UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CHARLES L. DECESARE,

                      Plaintiff,

         -against-

THE AETNA LIFE INSURANCE COMPANY, AND
THE DRESS BARN LONG TERM DISABILITY
PLAN,

                    Defendants.
-------------------------------------------------------------------------X

Civil Action No.:
12 Civ. 7162 (KMK)

**DECLARATION OF
TIMOTHY M. MITTON**

DOCUMENT
ELECTRONICALLY FILED

       I, TIMOTHY M. MITTON, pursuant to 28 U.S.C. §1746(2) declare under penalty of perjury the following:

     1.     I am the Sr. Disability Benefit Manager for Aetna Life Insurance Company (hereinafter "Aetna").

     2.     As part of my responsibilities for Aetna, I am familiar with Aetna's procedures for administering claims for long term disability ("LTD") benefits under group plans, including the claim at issue in this litigation. I am personally familiar with the policies and procedures Aetna employed in 2009 through 2012 when Charles L. DeCesare's ("DeCesare") claim was being evaluated. My personal knowledge, as well as my review of the files and records maintained by Aetna in the ordinary course of business, forms the basis of this Declaration. As such, I am fully familiar with the facts and circumstances contained herein.

     3.     During Aetna's review of DeCesare's claim for LTD benefits under the LTD Plan sponsored by The Dress Barn, Inc. ("Dress Barn") and insured by Aetna (identified by policy number GP-818946) (the "Plan"), the denial of his claim for continuing LTD benefits was recommended by Technical Specialists and approved by their supervisors, whom are or were members of the claims department. The administrative appeals were decided by Appeal Specialists who are or were members of Aetna's Appeal Unit.

4.      In evaluating claims under employee benefit plans insured by Aetna, it is Aetna's practice and intention to review such claims fairly, without regard to the manner in which the plan is funded, and to consistently award benefits on claims that are entitled to payment pursuant to the provisions of the applicable benefit plan while consistently denying claims that are not entitled to such payments.

5.      Aetna recognizes that paying claims that are not payable under the Plan does not benefit persons insured under the plan as a group.  Instead, such payments could result in employer groups offering reduced benefits to the detriment of all participants and beneficiaries.

6.      The Aetna employees who render determinations on the claims of participants of plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA") are paid fixed salaries and performance bonuses, which are wholly unrelated to the number of claims paid or claims denied.

7.      Aetna does not establish numerical guidelines or quotas regarding claim payments or claim denials.

8.      Employees of Aetna are not evaluated on the basis of the amount or number of claims paid or denied.  Rather, employees are evaluated, in part, on the quality of their claim decisions, *i.e.*, whether the claims were handled correctly in accordance with the applicable plan documents.

9.      In part to address the accuracy of claim decisions, Aetna has in place a quality assurance program.

10.     Aetna does not discourage its employees from paying legitimate claims.

11.     Aetna maintains a separate appeal unit for the consideration of denied claims on appeal.

12.     Employees in the appeal unit are charged with making an independent assessment of the claim decision based on all evidence in the claim file. When making final claim determinations, the individual responsible for an appeal does not contact the individual(s) who made the initial benefit determination with respect to the substance of the claim.

13.     Neither the claims department nor the appeal unit has any role or responsibility in the management, reporting, or other functions regarding Aetna's finances. Employees who review claims for

benefits and the appeals of denied claims are not privy to Aetna's non-public profit and loss information, nor are they familiar with the process by which Aetna establishes claim reserves.

14.     Aetna's claims department and appeal unit are completely separate business units from Aetna's financial underwriters.

15.     Neither the claim department nor the appeal unit is required to seek approval from financial underwriters before rendering benefit claim determinations.

16.     Aetna's financial underwriters do not advise or influence the claim department or appeal unit with respect to whether or not to pay a claim.

17.     Neither the office of the Chief Financial Officer of Aetna, Inc., nor any of his direct reports including the Chief Financial Officer of Business Operations, the Chief of Staff and Finance, the Head of Corporate Finance and the Chief Investment Officer, have any involvement whatsoever in claim decisions.

18.     I am over 21 years of age and am competent to testify to the matters contained herein. This Declaration is made upon my personal knowledge to be submitted to the court in connection with Aetna's motion for summary judgment brought in the above-styled action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   July 11, 2014

TIMOTHY M. MITTON

## CERTIFICATE OF SERVICE

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached

**Declaration of Timothy M. Mitton** was served via ECF and regular mail on July 11, 2014 upon the

following:

> BARBARA A. MATARAZZO, ESQ.
> LAW OFFICE OF BARBARA A. MATARAZZO
> 1025 Westchester Avenue, Suite 402
> White Plains, New York 10604
> T: (914) 346-8088
> F: (914) 681-0013
> *Attorneys for Plaintiff*

> s/
> Matthew P. Mazzola

Dated: New York, New York
July 11, 2014

4